Wood, Judge.
The inquiry arises, has error intervened to the prejudice of the plaintiff? It appears to us the facts set forth in the bill of exceptions must demonstrate, at a single glance, that this inquiry should be answered in the affirmative, so far, at least, as one of those exceptions is concerned,
The action is founded on the tenth section of the “ act prescribing the duties of supervisors, and relating to roads and highways.” This section enacts, “ that if any person shall obstruct any road or highway, authorized by any law of this state, and shall suffer such obstruction to remain, to the hindrance and inconvenience of travelers, any person so offending shall, for every such offence, forfeit and pay any sum not exceeding twenty dollars, nor less than two dollars,” etc. No penalty is given for obstructing a road authorized by law, nor for permitting the obstruction to remain, unless it is to the hindrance or inconvenience of travelers. It was, then, assuredly competent for the *542 plaintiff in error to prove that travelers did not pass the state road, as altered, and as fenced up by him, but that all the travel was upon the turnpike, which was shorter and more convenient. Besides, the penalty is limited from $20 to $2, and is, therefore, to be graduated according to the nature of the obstructions, and the quantum of' hindrance and inconvenience to which travelers are subjected; and it was, therefore, clearly competent to the plaintiff in error to prove, that there was a turnpike road shorter and better than the altered state road, upon which travelers might, and did pass, without hindrance 542] or inconvenience. In refusing this *evidence we think the Common Pleas erred, and the judgment must be, therefore, reversed.
It is also contended by the plaintiff that the Common Pleas erred in permitting the evidence of the defendant in error to go to the jury to prove this road a public highway, authorized by a law of this state, and instructing the jury that the same was sufficient. As a general rule, the jury are the judges of the sufficiency of the testimony, and the court exceeds its province when the opinion is advanced, that the issue is, or is not, proved ; but in the case before the court, the alterations in the old road were made under the act of 1816, the 9th section of which provides that when the county commissioners shall receive satisfactory information that the alterations of any such road have been opened, equally convenient for travelers and carriages, they shall vacate so much of the old road as shall lie between the different points of intersection, and record such vacation and alteration. Now, these alterations were made in 1816, and used as a public highway, without interruption, until 1832, when the turnpike was constructed under the company’s charter, and, in fact, until about the time it was fenced up by plaintiff in error, a period of nearly a quarter of a century ; and, it seems to us, it was too late to claim the absence of the record of such alterations and vacation, when all the other proceedings were strictly in accordance with the law, and sufficient to destroy the validity of the road. In such case, and after such a lapse of time, the record should be presumed to have been made, and lost by time and accident; and the instruction of the court, on careful examination of the bill of exceptions, will be found to be, substantially, nothing more than that the proof was, or might be sufficient, without the introduction of such record. In this there does not appear, to us, to be any error.
It is again claimed the Common Pleas erred in rejecting the evidence offered, that the turnpike commissioners surrendered to the plaintiff *543 in error the altered road as a compensation for the land over which the turnpike was constructed, including the locus in quo the obstructions were created ; and *their agreement to cause the same to be [543 vacated, and their permission to fence up the road.
From the inspection of the charter it is clear that no authority is given to said commissioners to vacate the said road, but power remains with the commissioners of the county ; and, as this power is not conferred, it follows that such compromise and permission, to create the obstruction, would have been unavailing, as a defence, and the evidence was properly rejected by the court.
Nor was it error that the court charged the jury that the old road, so altered, was vacated no farther than the turnpike was laid, substantially, upon its track, and that, between the points of intersection and material departure, the road commissioners had no authority, power or control, over the alterations of the old road; and it was, by the charge, .expressly left to the jury to find whether, at the place where the obstruction was, the departure was material or not, though no evidence’ was offered by the plaintiff in error that it was not material; but, on the part of the defendant in error, the evidence proved that, although the turnpike and the old road, as altered, run parallel with each other, they were at some rods’ distance at the very place where the obstruction was created.
There does not seem, to us, to be anything erroneous, then, in the rejection of this testimony, nor in the charge of the court, on the last points made; but for rejecting the evidence offered by the plaintiff in error, that the obstruction was no hindrance or inconvenience to travelers, the judgment will be reversed, and the cause remanded for' further proceedings. >
Judgment reversed.